IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DVIISION

| | | |
|---|---|---|
| JON SEXTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. |
| | ) | |
| ROBERT VERNON TISDELL, III, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

Comes now, the JON SEXTON (hereinafter the "Plaintiff"), Plaintiff in the above-captioned case, by and through counsel, and files this Complaint for Damages against ROBERT VERNON TISDELL, III ("Defendant") and for cause of action would show this Honorable Court the following:

## INTRODUCTION

This is an action for the payment of funds owed to Plaintiff by Defendant. Plaintiff and Defendant contracted for Plaintiff, through his company Vidarr Consulting to serve as Virtual Chief Information Officer for clients of Defendant's Company, Your Solutions, LLC (hereinafter "YS") in October 2017 through May 2022. Defendant breached the agreement with Plaintiff. After numerous requests for payment from Defendant, and repeated broken promises of payment from

1

Defendant, Plaintiff is left with no other option but to file suit against Defendant to seek collection of money owed by Defendant.

## **PARIES, JURSIDICTION AND VENUE**

1.

Plaintiff Jon Sexton, is a resident of Dallas County, Texas with a mailing address of 7027 Nueces Drive, Irving, Texas. 75039.

2.

Defendant Robert Vernon Tisdell, III, is a resident of Shelby County, Tennessee, and may be served at 500 Knoco Cove, Eads, Tennessee 38028.

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and T.C.A. § 28-3-109 as the matter in controversy in this breach of contract civil action exceeds the sum or value of $75,000.00 and is between citizens/entities of Georgia and Tennessee.

4.

Venue is proper in the Western District of Tennessee pursuant to 28 U.S.C. § 1391, as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, where the Defendant resides, and where

a substantial part of property that is the subject of this action is situated in this judicial district.

## FACTS

5.

Plaintiff is an Information Technology professional operating an IT consulting business providing Virtual Chief Information Officer (vCIO) services to businesses.

6.

On October 3, 2017, Plaintiff entered into an agreement with Defendant and his company YS for Plaintiff to provide vCIO services client, Knoxville Comprehensive Breast Center ("KCBC") ("KCBC agreement") as a subcontractor.

7.

The KCBC agreement had an initial term from October 2017 through October 2020, and provided for an automatic 12 month renewal through October 2021.

8.

The KCBC agreement provided that Plaintiff would be paid monthly in the amount of $4,983.33 through the end of the agreement.

9.

Upon information and belief, the KCBC agreement was renewed and incorporated and extended into a Master Services Agreement in May 2018 for an

additional three (3) years through May 2021, and provided for an automatic 12 month renewal through May 2022.

10.

In January 2019, Plaintiff and Defendant agreed for Plaintiff to be reassigned from actively servicing KCBC on site.

11.

In January 2019, Plaintiff and Defendant also agreed that Plaintiff would receive full payment due under the KCBC agreement through the end of the term of the renewed contract, being 40 months of outstanding payments and an amount totaling $199,333.20.

12.

Unbeknownst to Plaintiff, Defendant failed to disclose to Plaintiff that YS was previously administratively dissolved by the Tennessee Secretary of State in 2014.

13.

Defendant failed to pay Plaintiff the agreed upon payments under the KCBC agreement, from February 2019 through May 2022.

14.

As of the date of this filing, Defendant has refused to tender the funds owe to Plaintiff in the amount of $199,333.20.

15.

Defendant' failure to pay Plaintiff is a breach of the KCBC Agreement.

16.

Plaintiff notified Defendant of the breach and allowed Defendant an opportunity to cure the breach pursuant to the terms of the KCBC Agreement.

17.

Defendant failed to cure the breach of the KCBC Agreement.

18.

All conditions precedent to bringing this action have occurred or have been satisfied, waived and/or excused.

19.

Plaintiff retained the services of Joel A. J. Callins to represent the Defendant in this matter in furtherance of obtaining the relief sought hereby and is obligated to pay attorney's fees and costs incurred for the same.

## COUNT I
### *Breach of Contract/Quantum Meruit*

20.

Plaintiff hereby incorporates each and every paragraph stated above as if stated verbatim herein and does further show as follows:

21.

Plaintiff and Defendant entered into the KCBC Agreement on October 3, 2017.

22.

That KCBC Agreement was and is valid and binding upon the parties to that Agreement.

23.

Defendant breached the KCBC Agreement.

24.

As a result of Defendant's breach of the Agreement, Plaintiff has suffered damages.

25.

Pursuant to the Agreement, the Defendant owes Plaintiff full payments due under the KCBC Agreement upon completion of the contract term, as of May 2022.

26.

Defendant owes Plaintiff $199,333.20.

27.

Plaintiff is entitled to damages against and from Defendant for all damages flowing from its breach of contract in an amount to be proven at trial.

28.

Plaintiff suffered, and continues to suffer pecuniary harm as the result of Defendant's breach.

29.

It would be unjust for Defendant not to pay Plaintiff all amounts due under the KCBC agreement.

## COUNT II
*Unjust Enrichment*

30.

Plaintiff hereby incorporates each and every paragraph stated above as if stated verbatim herein and does further show as follows:

31.

Plaintiff conferred benefits upon Defendant by servicing Defendant's clients, providing cost-savings consultations, and performing vCIO tasks, each worth monetary sums under the KCBC agreement.

32.

Defendant realized and appreciated these benefits by continued operation under the KCBC agreement and receiving monetary proceeds from YS clients for work originated and performed by Plaintiff.

33.

Defendant has retained these benefits, which are above and beyond the reasonable and agreed-upon monthly payments to which Defendant was entitled to be paid by Defendant for Plaintiff' services, and which are benefits to which Plaintiff are entitled.

34.

Defendant's unjust retention of benefits is inequitable.

## **DAMAGES**

1.

As a direct and proximate result of Defendant's breach, Plaintiff seeks general damages from the Defendant for the losses sustained by Plaintiff as a result of the breach including but not limited to:

a. All funds owed to Plaintiff ($199,333.20.) under the KCBC Agreement;

b. Any other damages to be proven at trial

**WHEREFORE,** Plaintiff's request the following relief be granted:

a. That Defendant breached its obligations to Plaintiff under the KCBC agreement ;

b. That Plaintiff reasonably and detrimentally relied upon Defendant's promises;

   c. That Defendant was unjustly enriched to the detriment of Plaintiff;

   d. That costs of suit be awarded, including reasonable attorney's fees; and

   e. That the Plaintiff's be awarded interest, expenses and such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted this 30th day of May 2025.

                                                 */s/   Joel A. J. Callins*
                                                 Joel A. J. Callins
                                                 BPR No.: 033699
                                                 1374 Calhoun Street
                                                 Macon, Georgia 31201
                                                 Tel: 404.909.1312
                                                 Email: joelcallins@icloud.com

                                                 *Attorney for Plaintiff Jon Sexton*